**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE SLOWINSKI, *individually and on behalf of all others similarly situated*, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____ <br>) |
| v. | ) Removal from the Circuit Court of <br>) Cook County, Illinois, Case No. |
| DRIP DROP HYDRATION, INC., | ) 2024CH04667 <br>) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE NORTHERN DISTRICT OF ILLINOIS:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441(a), 1446, and 1453, Defendant Drip Drop Hydration, Inc. ("Drip Drop") hereby removes to the United States District Court for the Northern District of Illinois, the civil action pending against it in the Circuit Court of Cook County, Illinois, and in support thereof, states as follows:

**I.     State Action**

1.     On May 17, 2024, Plaintiff Christine Slowinski ("Plaintiff") filed a putative class action complaint against Drip Drop in the Circuit Court of Cook County, Illinois, captioned *Christine Slowinski v. Drip Drop Hydration, Inc.*, 2024CH04667 (the "State Court Action"). The Complaint and summons were served on Drip Drop on May 28, 2024. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed in the State Court Action are attached hereto as **Exhibit A**, including the Summons, Service Confirmation, Complaint and Plaintiff's Motion for Class Certification. No substantive matters have been addressed in the State Court Action, nor have any motions been heard.

1

2. Plaintiff alleges that Drip Drop labeled, marketed, and sold certain DripDrop drink mix products (the "Products") as containing "No Artificial Preservatives," despite those products containing the following alleged preservatives: citric acid, sodium citrate, potassium citrate, and magnesium citrate. (Ex. A, Compl. ¶ 6.) Plaintiff asserts that Drip Drop "made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts" in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* (*Id.* ¶ 60.)

3. Plaintiff further asserts claims for common law fraud and unjust enrichment. (*Id.* ¶¶ 65-75.)

4. Plaintiff seeks to represent a putative class consisting of:

> All persons within the United States who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification.

(*Id.* ¶ 42.)

5. Plaintiff also proposes an Illinois sub-class consisting of:

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification.

(*Id.* ¶ 43.)

6. Plaintiff seeks (1) class certification; (2) appointment as class representative; (3) appointment of her counsel as class counsel; (4) an order requiring Drip Drop to notify all class members of its alleged conduct; (5) an order for injunctive relief prohibiting the alleged conduct in the future; (6) an award of damages to Plaintiff and the putative class; and (7) attorneys' fees and costs. (*Id.* at pp. 17-18.)

II.     **Grounds for Removal**

        A.  **This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

        7.  Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the district courts of the United States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

        8.  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In the Complaint, Plaintiff seeks class certification pursuant to Illinois state law (*see* Compl. ¶ 46), which permits "[a]n action [to] be maintained as a class action . . . if":

    (1)    The class is so numerous that joinder of all members is impracticable.

    (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

    (3)    The representative parties will fairly and adequately protect the interest of the class.

    (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

        9.  These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441, 450 (2006). Section 2-801 of the Illinois Code of Civil Procedure therefore is a "similar State statute" for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

        10.  Pursuant to Section 1332(d), removal of this action is proper because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff

class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) and (5); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (noting that legislative history states that CAFA's "provisions should be read broadly").[1]

11. As demonstrated below, all three conditions are met in this action, and therefore the action is removable under 28 U.S.C. § 1332(d).

### 1. The putative class consists of 100 or more persons.

12. Plaintiff alleges in the Complaint that "the Classes include thousands, if not millions of members." (Compl. at ¶ 45.)

### 2. The parties are minimally diverse.

13. The parties in this action are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. According to the Complaint, Plaintiff is a citizen of Illinois. (Compl. ¶ 2.)

15. Drip Drop is not an Illinois citizen. Rather, Drip Drop is a corporation organized under the laws of the State of Delaware, with its primary place of business in California. (*Id.* ¶ 3.) Accordingly, Drip Drop is a citizen of Delaware and California. *See* U.S.C. § 1332(c) (a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.").

---

[1] By removing this matter under 28 U.S.C. § 1332(d), Drip Drop does not waive, and expressly reserves, its arguments that this matter is improper for class certification.

16. Thus, CAFA's minimal diversity requirement is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### 3. The amount in controversy exceeds $5,000,000.

17. To establish jurisdiction under CAFA, the matter in controversy must exceed, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

18. As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. at 89. "This is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). A defendant need only show a "good faith estimate" that is "plausible" (*Roppo*, 869 F.3d at 579), and, "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

19. Sales of the Products within the United States exceeded $5,000,000 over the five-year period preceding the filing of the Complaint, which is the proposed class period. (Declaration of Patrick O'Dea ("O'Dea Decl."), attached as **Exhibit B**, at ¶ 4.)

20. Additionally, Plaintiff's request for attorneys' fees and injunctive relief should be factored into the amount in controversy requirement for jurisdictional purposes. (Compl., at pp. 17-18.) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly include in amount-in-controversy analysis); *Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

21. To be clear, Drip Drop denies any violation of state or federal law, denies that

Plaintiff or the putative class members are entitled to damages, and denies the validity and merit of Plaintiff's claims in their entirety. But, for purposes of setting forth grounds for this Court's jurisdiction, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." For removal purposes, the question is not "What damages the plaintiff will recover, but only how much is *in controversy* between the parties." *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

### B. This action is also removable under 28 U.S.C. §§ 1332 and 1367.

22. In addition, this action is removable pursuant to 28 U.S.C. ¶ 1332(a)(1) as to Plaintiff's claims and pursuant to 28 U.S.C. § 1367 as to the claims of the putative class, as the parties are diverse and the amount in controversy exceeds $75,000.

#### 1. Complete diversity exists among the parties.

23. District courts have jurisdiction over suits between "citizens of different States" when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

24. According to the Complaint, Plaintiff is a citizen of Illinois. (Compl. ¶ 2.)

25. The citizenship of any potential class member in a putative class action is disregarded when determining whether complete diversity exists. *See Snyder v. Harris*, 394 U.S. 332, 340 (1969).

26. Drip Drop is a corporation organized under the laws of the State of Delaware, with its primary place of business in California. (Compl. ¶ 3; *see also* O'Dea Decl. at ¶ 5.) Accordingly, Drip Drop is a citizen of Delaware and California. *See* U.S.C. § 1332(c) (a corporation "shall be

deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.").

27. Because plaintiff is diverse from Drip Drop, complete diversity exists in this action.

### 2. The amount in controversy exceeds $75,000.

28. Plaintiff's claims satisfy the amount in controversy requirement of $75,000.

29. Plaintiff seeks an award of actual damages "in an amount to be determined at trial," unspecified damages in the form of "the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages," and recovery of Drip Drop's purported "unjust enrichment." (Compl. ¶¶ 64, 70, 75.)

30. In addition, Plaintiff seeks reasonable attorney's fees. (*Id.* at pp. 17-18.) The Illinois Consumer Fraud and Deceptive Business Practices Act permits the award of attorney's fees and costs to the prevailing party. 815 ILCS 505/10(a)(b).

31. Attorney's fees are calculated toward the amount in controversy requirement when the prevailing party is statutorily entitled to damages. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998).

32. As this is a highly complicated matter, involving the complex technical and legal issues as well as thousands, "if not millions," (Compl. ¶ 45) of purported purchasers of the Products, it is highly likely that Plaintiff's reasonable attorney's fees will exceed $75,000.

33. Accordingly, as complete diversity exists between Plaintiff and Drip Drop, and as the amount in controversy as to Plaintiff's claim exceeds $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) over Plaintiff's claims.

### III. Defendant Has Satisfied the Procedural Requirements for Removal

34. The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County. *See* 28 U.S.C. § 1441(a).

35. This Notice of Removal is timely filed. Drip Drop was served with a copy of the Complaint and Summons on May 28, 2024, and Drip Drop filed and served this Notice of Removal within 30 days of service of the Complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

36. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Drip Drop are being filed herewith as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), Drip Drop will promptly serve on Plaintiff and file with the Circuit Court of Cook County a "Notice of Filing of Notice of Removal." Drip Drop will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### IV. Reservation of Rights and Defenses

37. Drip Drop hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Drip Drop's defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

Dated: June 27, 2024

Respectfully submitted,

DRIP DROP HYDRATION INC.

*/s/ Brett M. Doran*
Brett M. Doran
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: 312-456-8400
Fax: 312-456-8435
doranb@gtlaw.com

*Attorney for Defendant Drip Drop Hydration Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 27, 2024, the foregoing **Notice of Removal** was filed electronically with the Clerk of Court using the ECF system, and served the Notice of Removal on the following via electronic mail and overnight delivery:

> Todd M. Friedman
> Law Offices of Todd M. Friedman, P.C.
> 21031 Ventura Blvd., #340
> Woodland Hills, California 91364
> tfriedman@toddflaw.com
>
> Steve G. Perry
> Law Offices of Todd M. Friedman, P.C.
> 707 Skokie Blvd., Suite 600
> Northbrook, Illinois 60062
> Steven.perry@toddflaw.com

/s/ Brett M. Doran
*Attorney for Drip Drop Hydration, Inc.*