# EXHIBIT A

FILED
5/20/2024 10:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04667
Calendar, 7
27757668

FILED DATE: 5/20/2024 10:00 AM   2024CH04667

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |

**Summons - Alias Summons**                    (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

CHRISTINE SLOWINSKI,

_____
                                    Plaintiff(s)

v.

DRIP DROP HYDRATION, INC.

_____
                                    Defendant(s)

Case No. **2024CH04667**

_____
c/o: The Corp. Trust Company, Corp Trust
Center, 1209 Orange St., Wilmington, DE 19801
_____
                    Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ● Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 63294

○ Pro Se 99500

Name: Steven Perry, Law Offices of Todd Friedman

Atty. for (if applicable):

Christine Slowinski, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL    Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Witness date _____

5/20/2024 10:00 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

FILED DATE: 5/20/2024 10:00 AM   2024CH04667

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

**CHANCERY DIVISION**
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

**CIVIL DIVISION**
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

**COUNTY DIVISION**
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

**DOMESTIC RELATIONS/CHILD SUPPORT DIVISION**
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

**DOMESTIC VIOLENCE**
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

**LAW DIVISION**
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

**PROBATE DIVISION**
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

**ALL SUBURBAN CASE TYPES**

**DISTRICT 2 - SKOKIE**
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

**DISTRICT 3 - ROLLING MEADOWS**
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

**DISTRICT 4 - MAYWOOD**
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

**DISTRICT 5 - BRIDGEVIEW**
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

**DISTRICT 6 - MARKHAM**
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

FILED DATE: 5/20/2024 10:00 AM 2024CH04667

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED
6/11/2024 3:52 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04667
Calendar, 7
28070723

FILED DATE: 6/11/2024 3:52 PM   2024CH04667

## Circuit Court of Cook County, Illinois, County Department Chancery Division

CHRISTINE SLOWINSKI,

    Plaintiff,

vs.

DRIP DROP HYDRATION, INC.,

    Defendant.

Case No.: 2024CH04667

**AFFIDAVIT OF SERVICE**

On __5/28/2024__ at __2:35 PM__ AM / PM, I __William Bailey__ being over the age of 18 and not a party in the above captioned manner, served the within **Summons and Class Action Complaint** on **DRIP DROP HYDRATION, INC,** .

Said service was effected at **c/o: The Corp. Trust Company, Corp Trust Center, 1209 Orange St. , Wilmington, DE 19801** in the following manner:

[ ]    **Registered Agent:** By leaving a copy of the Summons and Class Action Complaint with _____, the registered agent of DRIP DROP HYDRATION, INC.

[X]    **Officer/Agent:** By leaving a copy of the Summons and Class Action Complaint with: __Nadia Bellamy, Intake Specialist authorized__, who is an officer or agent of DRIP DROP HYDRATION, INC.

[ ]    **Other:** By leaving a copy of the Summons and Class Action Complaint with: _____, _____.

Addl Comments: _____

Description of person process was left with:

Sex: __F__ Race: __Black__ Approx. Age: __35__ Height: __5'6"__ Weight: __150 lb__

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Prodecure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

X

William Bailey
(Print Name)

Date: 5/29/2024

*799171*

FILED
5/17/2024 3:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04667
Calendar, 7
27747998

FILED DATE: 5/17/2024 3:26 PM  2024CH04667

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | |
|---|---|
| CHRISTINE SLOWINSKI individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DRIP DROP HYDRATION, INC.<br><br>    Defendants. | Case No.  **2024CH04667**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now come the Plaintiff, Christine Slowinski ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and for her Class Action Complaint against the Defendant, Drip Drop Hydration Inc. ("Defendant"), Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., common law fraud, and unjust enrichment resulting from the illegal actions of Defendants, in intentionally labeling their Products as containing no artificial preservatives, when they contain the preservatives citric acid,  sodium citrate, potassium citrate, and magnesium citrate. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### PARTIES

2.      Plaintiff is an individual who was at all relevant times residing in Schaumberg, Illinois. Plaintiff purchased the Products during the class period in Illinois.

FILED DATE: 5/17/2024 3:26 PM 2024CH04667

3.    Defendant is a Delaware corporation, whose principal place of business is located in San Leandro, California.

4.    At all times relevant hereto, Defendants were engaged in the marketing and sale of drink mix products.

**FACTS COMMON TO ALL COUNTS**

5.    Defendants advertise, market, sell, and distribute drink mix products throughout Illinois, and the United States.

6.    During the Class Period Defendants sold the following DripDrop drink mix products (the "Products") labeled, marketed, and sold with the label "No Artificial Preservatives" but which actually contained citric acid, sodium citrate, potassium citrate, and magnesium citrate:

    a)   Berry flavor;

    b)   Lemon flavor;

    c)   Orange flavor;

    d)   Watermelon flavor;

    e)   Zero Sugar Watermelon flavor;

    f)   Zero Sugar Peach flavor;

    g)   Zero Sugar Lemon Lime flavor;

    h)   Zero Sugar Pasion Fruit flavor;

7.    The United Stated Food and Drug Administration ("FDA") defines the term chemical preservative as: "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. § 101.22.

2

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

8.      Citrate salts are all produced by a chemical reaction between citric acid and a hydroxide or carbonate of the respective salt, such as sodium, potassium, or magnesium.[1]

9.      Citrate salts are chemically modified salts of citric acid and are added to foods to retard the deterioration thereof by preventing microbial growth and survival to extend the shelf life of consumer food products.[2]

10.     In basic terms, citrate salts extend the shelf-life of the Products by creating an environment inhospitable to bacteria growth.

11.     Based on the forgoing allegations, citrate salts are artificially produced chemicals that retard the deterioration consumer products. Therefore, Defendants use citrate salts that are artificial chemical preservatives in the Products.

12.     Defendants use artificial citric acid in the Products. Many commercial food manufactures, including Defendants, use a synthetic form of citric acid that is derived from heavy chemical processing.[3] Commercially produced citric acid is manufactured using a type biologically engineered black mold called *Aspergillus niger*.[4] Chemical solvents such as n-octyl alcohol and synthetic isoparaffinic petroleum hydrocarbons are used to extract citric acid from aspergillus niger fermentation liquor.[5] Citric acid produced through chemical solvent extraction contains residues of those chemical solvents. Consumption of manufactured citric acid has been

---

[1]      Citric Acid and Salts handling and processing, https://www.ams.usda.gov/sites/default/files/media/Citric%20Acid%20TR%202015.pdf

[2] Liyan Liu et al., Inhibitory effects of two types of food additives on biofilm formation by foodborne pathogens, 2019, MicrobiologyOpen Wiley & Sons ltd

[3] A. Hesham, Y. Mostafa & L. Al-Sharqi, *Optimization of Citric Acid Production by Immobilized Cells of Novel Yeast Isolates*, 48 MYCOBIOLOGY 122, 123 (2020), *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7178817/

[4] *Id*; Pau Loke Show, *et al.*, *Overview of citric acid production from Aspergillus niger*, FRONTIERS IN LIFE SCIENCE, 8:3, 271-283 (2015), *available at* https://www.tandfonline.com/doi/full/10.1080/21553769.2015.1033653

[5] 21 CFR 173.280

FILED DATE: 5/17/2024 3:26 PM    2024CH04667

associated with adverse health events like joint pain with swelling and stiffness, muscular and stomach pain, as well as shortness of breath.[6]

13.     In warning letters sent to Oak Tree Farm Dairy, Inc. and the Hirzel Canning Company, the FDA warned that certain products were misbranded under the Federal Food Drug and Cosmetics Act because adding citric acid to the products precluded the use of the term "natural" to describe the products.[7]

14.     Citric acid acts as a preservative when added to food products, including the Products at issue. The FDA has listed citric acid as a preservative in its "Overview of Food Ingredients, Additives and Colors" as shown below:[8]

| Types of Ingredients | What They Do | Examples of Uses | Names Found on Product Labels |
|---|---|---|---|
| Preservatives | Prevent food spoilage from bacteria, molds, fungi, or yeast (antimicrobials); slow or prevent changes in color, flavor, or texture and delay rancidity (antioxidants); maintain freshness | Fruit sauces and jellies, beverages, baked goods, cured meats, oils and margarines, cereals, dressings, snack foods, fruits and vegetables | Ascorbic acid, citric acid, sodium benzoate, calcium propionate, sodium erythorbate, sodium nitrite, calcium sorbate, potassium sorbate, BHA, BHT, EDTA, tocopherols (Vitamin E) |

15.     In a warning letter sent to Chiquita Brands International, Inc. and Fresh Express, Inc., the FDA warned that certain products were misbranded under the Federal Food Drug and Cosmetics Act because they "contain the *chemical preservatives ascorbic acid and citric acid* but

---

[6] Iliana E. Sweis, *et al.*, *Potential role of the common food additive manufactured citric acid in eliciting significant inflammatory reactions contributing to serious disease states: A series of four case reports,* TOXICOL REP. 5:808-812 (2018), *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6097542/
[7] See Exhibits A and B attached hereto
[8] *Overview of Food Ingredients, Additives & Colors,* FOOD AND DRUG ADMINISTRATION, *available at* https://web.archive.org/web/20220901032454/http://www.fda.gov/food/food-ingredients-packaging/overview-food-ingredients-additives-colors

FILED DATE: 5/17/2024 3:26 PM  2024CH04667

their labels fail to declare these *preservatives* with a description of their functions. 21 C.F.R. [§] 101.22" (emphasis added).[9]

16. The Encyclopedia Britanica also classifies citric acid as a preservative because it has antioxidant properties, as shown below[10]:

## Preservatives

Food preservatives are classified into two main groups: antioxidants and antimicrobials. Antioxidants are compounds that delay or prevent the deterioration of foods by oxidative mechanisms. Antimicrobial agents inhibit the growth of spoilage and pathogenic microorganisms in food.

| Food preservatives | |
| --- | --- |
| chemical agent | mechanism of action |
| **Antioxidants** | |
| ascorbic acid | oxygen scavenger |
| butylated hydroxyanisole (BHA) | free radical scavenger |
| butylated hydroxytoluene (BHT) | free radical scavenger |
| citric acid | enzyme inhibitor/metal chelator |
| sulfites | enzyme inhibitor/oxygen scavenger |
| tertiary butylhydroquinone (TBHQ) | free radical scavenger |
| tocopherols | free radical scavenger |

17. The Agricultural Marketing Service of the United States Department of Agriculture ("USDA") has also recognized the use of citric acid as a preservative stating that "Citric acid has a wide variety of uses, some of which can provide preservative functions, primarily though lowering the pH of the food."[11]

---

[9] *See* **Exhibit C** attached hereto.
[10] *Preservatives*, BRITANICA, *available at* https://www.britannica.com/topic/food-additive/Preservatives#ref502211
[11] *Citric Acid and Salts*, UNITED STATES DEPARTMENT OF AGRICULTURE, *available at* https://www.ams.usda.gov/sites/default/files/media/Citric%20Acid%20TR%202015.pdf.

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

18.     The USDA's Food Safety Inspection Service's "Guideline for Label Approval" states that "[s]ome common chemical preservatives include BHA, BHT, calcium propionate, citric acid, natamycin and sodium propionate."[12]

19.     Several academic journals also note the use of citric acid as a preservative.[13] Indeed, "Citric acid acts as a preservative in many processed foods, keeping them fresh. It does this by slowing or helping prevent the formation of bacteria, mold, yeast, and fungus."[14] "Today, citric acid is one of the most common and widely-used preservatives in the world[.]"[15]

20.     Citric acid, sodium citrate, potassium citrate, and magnesium citrate are preservatives in the Products regardless of whether Defendants intended to use them as preservatives. Preservatives maintain the same food deterioration retardant properties even if they are also added to the Products for some other use. *See* 21 C.F.R. §101.22(a)(5) (defining preservatives as "any chemical that, when added to food, *tends to* prevent or retard deterioration") (emphasis added); *see also* Merriam-Webster's Dictionary (defining "preservative" as "something that preserves or *has the power of preserving*.") (emphasis added).[16]

---

[12] FSIS Guideline for Label Approval, UNITED STATES DEPARTMENT OF AGRICULTURE, *available at* https://www.fsis.usda.gov/sites/default/files/media_file/documents/FSIS-GD-2023-0001.pdf

[13] K. Kirimura, et al., *Citric Acid*, COMPREHENSIVE BIOTECHNOLOGY (SECOND EDITION) (2011), *available                                                                                                      at* https://www.sciencedirect.com/science/article/abs/pii/B9780080885049001690?via%3Dihub; K.M.S. Islam, *Use of citric acid in broiler diets,* WORLD'S POULTRY SCIENCE JOURNAL VOL. 68, ISSUE 1 (Feb. 21, 2012), *available at* https://www.cambridge.org/core/journals/world-s-poultry-science-journal/article/abs/use-of-citric-acid-in-broiler-diets/DA15C2C1F90667525BF2414DF3BFF646 ("Citric Acid (CA) is a weak organic acid which is a natural preservative and can add an acidic or sour taste to foods and soft drinks.").

[14] *What is citric acid, and what is it used for?,* MEDICAL NEWS TODAY (July 23, 2021), *available at* https://www.medicalnewstoday.com/articles/citric-acid

[15] *Citric Acid: One of the Most Important Preservatives in The World,* FBC INDUSTRIES, INC. (Feb. 5,    2019),    *available    at*    https://fbcindustries.com/citric-acid-one-of-the-most-important-preservatives-in-the-world/

[16]    *Preservative,*    MERRIAM-WEBSTER'S    DICTIONARY,    *available    at*    https://www.merriam-webster.com/dictionary/preservative?utm_campaign=sd&utm_medium=serp&utm_source=jsonld

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

21.     On February 3, 2024, Plaintiff, purchased a Product labeled, marketed, and sold as containing "no artificial preservatives", from a CVS located in Schaumburg, Illinois.

22.     Plaintiff saw and relied on the "No Artificial Preservatives" claim on the labels of the Products when making their purchases.

23.     Plaintiffs, and reasonable consumers, understand that products labeled as containing "no artificial preservatives" will not contain any artificial preservatives.

24.     Reasonable consumers, and Plaintiffs, understand the term artificial based on common parlance, such that "artificial' means "made by people."[17]

25.     Reasonable consumers, and Plaintiffs, understand the term preservative based on common parlance, such that "preservative" means "a chemical used to stop food from decaying".[18]

26.     The "No Artificial Preservatives" statement on the labels of the Products is material to reasonable consumers. "[F]oods bearing 'free-from' claims are increasingly relevant to Americans, as they perceive the products as closely tied to health … 84 percent of American consumers buy free-from foods because they are seeking out more natural or less processed foods. In fact, 43 percent of consumers agree that free-from foods are healthier than foods without a free-from claim, while another three in five believe the fewer ingredients a product has, the healthier it is (59 percent). Among the top claims free-from consumers deem most important are trans-fat-free (78 percent) and preservative-free (71 percent)."[19]

---

[17]Cambridge English Dictionary, s.v. "artificial," accessed November 21, 2023, https://dictionary.cambridge.org/us/dictionary/english/artificial.
[18] Cambridge English Dictionary, s.v. "preservative," accessed November 21, 2023, https://dictionary.cambridge.org/us/dictionary/english/preservative.
[19] *84% of Americans buy "free-from" foods because they believe them to be more natural or less processed*, Mintel (Sept. 3, 2015), *available at* https://www.mintel.com/press-centre/84-of-americans-buy-free-from-foods-because-they-believe-them-to-be-more-natural-or-less-processed/

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

27.     Recent published consumer research[20] surveying over 400 consumers concluded: "The significance of naturalness has crucial meaning for consumers nowadays. They prefer food free from preservatives, additives or artificial ingredients for perceived naturalness of foods."

28.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the contents of the Products.

29.     By making false and misleading claims about the contents of its Products, Defendants impaired Plaintiffs' ability to choose the type and quality of products they chose to buy.

30.     Therefore, Plaintiffs have been deprived of their legally protected interest to obtain true and accurate information about his consumer products as required by law.

31.     As a result of Defendants' fraudulent labeling, Plaintiffs and the Classes have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would not contain artificial preservatives.

32.     As a result of Defendants' fraudulent labeling, Plaintiffs and the Classes paid a price premium for premium Products, but instead received non-premium Products.

33.     Plaintiffs and the Classes purchased Defendants' Products because Defendants' advertising claimed that the Products did not contain artificial preservatives.

34.     Furthermore, due to Defendants' intentional, deceitful practice of falsely labeling the Products as containing "no artificial preservatives", Plaintiffs could not have known that the Products contained artificial preservatives.

---

[20] Guzik P, Szymkowiak A, Kulawik P, Zając M. *Consumer Attitudes towards Food Preservation Methods*. Foods. 2022 May 6;11(9):1349.

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

35.     Plaintiff was unaware that the Product contained artificial preservatives when she purchased it.

36.     The following are examples of Defendant's misleading labels:

 

37.     Worse than the lost money, Plaintiff and the Class Members were deprived of their protected interest to choose the type and quality of products they ingest.

38.     Defendant, and not Plaintiff or the Class Members, knew or should have known that labeling, marketing, and selling the Products as containing "no artificial preservatives" was false, deceptive, and misleading, and that Plaintiffs and the Class Members would not be able to tell the Products they purchased contained artificial preservatives unless Defendants expressly told them.

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

39.     On information and belief, Defendants did know that Products contained artificial preservatives but chose to label the Products with "no artificial preservative" labeling because it did not believe its customers were well educated enough to know the difference.

40.     On information and belief, Defendants employ professional chemists to create the chemical formulas of the Products, therefore, Defendants through their employees knew or should have known that citric acid, sodium citrate, potassium citrate, and magnesium citrate retard the deterioration of food products and are therefore chemical preservatives.

41.     As a result of Defendants' acts and omissions outlined above, Plaintiff have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

a.      Lost money;

b.      Wasting Plaintiffs' time; and

c.      Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

42.      Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification.

43.     Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of a proposed sub-class (the "Illinois Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the original Complaint through the date of class certification.

10

FILED DATE: 5/17/2024 3:28 PM    2024CH04667

44.     Defendant, its employees and agents are excluded from the Class and Sub-classes. Plaintiffs do not know the number of members in the Classes, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

45.     The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believes and thereon alleges that the Classes include thousands, if not millions of members. Plaintiffs allege that the classes members may be ascertained by the records maintained by Defendants.

46.     This suit is properly maintainable as a class action pursuant to the Illinois Code of Civil Procedure because the Classes are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

47.     There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

     a.   Whether Defendants disseminated false and misleading information by claiming the Products contained "no artificial preservatives";

     b.   Whether the Class and Sub-Class members were informed that the Products contained artificial preservatives;

     c.   Whether the Products contained artificial preservatives;

     d.   Whether Defendants' conduct was unfair and deceptive;

FILED DATE: 5/17/2024 3:26 PM    2024CH04667

e.  Whether Defendants unjustly enriched itself as a result of the unlawful conduct alleged above;

f.  Whether there should be a tolling of the statute of limitations; and

g.  Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

48.    As residents of the United States and the States of Illinois who purchased the Products, Plaintiffs are asserting claims that are typical of the Classes.

49.    Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Classes.

50.    Plaintiffs will fairly and adequately protect the interests of the members of the Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

51.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

52.     The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

53.     Plaintiffs' claims and injuries are identical to the claims and injuries of all class members, because all claims and injuries of all class members are based on the same false labeling and the same legal theory. All allegations arise from the identical, false, affirmative written statements made by Defendants when they claimed the Products contained "No Artificial Preservatives" when in reality the Products contained artificial preservatives.

54.     Defendants have acted or refused to act in respect generally applicable to the Classes thereby making appropriate final judgement with regard to the members of the Class and Sub-Classes as a whole.

55.     Defendants failed to comply with the requirements of the law as to the Classes with respect to the above-alleged transactions.

## COUNT I
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

56.     Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 55 above as if fully reiterated herein

57.     Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as She is a natural person.

58.     Defendant IS a "person" as defined in 815 ILCS 505/1(c), as it is a company and business entities and/or associations.

59.     815 ILCS 505/2 states:

13

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

60.     Through its representations that the Products contained "No Artificial Preservatives" Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

61.     815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

62.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

63.     Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

64.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring

14

FILED DATE: 5/17/2024 3:26 PM    2024CH04667

that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.   An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representatives of the Class and the Sub-Classes;

b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.   Judgment against Defendants in an amount to be determined at trial;

e.   An order for injunctive relief prohibiting such conduct by Defendants in the future;

f.   Judgment against Defendants for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.   Any other relief deemed just and proper by this Court.

## **COUNT II**
## **COMMON LAW FRAUD**

65.   Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 55 above as if fully reiterated herein.

66.   Through its false statements that the Products contained "No Artificial Preservatives", Defendants made false statements of material fact.

15

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

67.     At the time Defendants made their statements to Plaintiff that the Products did not contain artificial preservatives, they knew, or reasonably should have known, that the statements described above were false.

68.     At the time Defendants made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

69.     Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Products they purchased contained artificial preservatives.

70.     As a result of their reasonable reliance upon Defendants' false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Classes have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendants as follows:

a.  An order certifying the Class and the Sub-Classes and appointing Plaintiffs as Representatives of the Class and the Sub-Classes;

b.  An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.  Judgment against Defendants in an amount to be determined at trial;

FILED DATE: 5/17/2024 3:26 PM    2024CH04667

e.   An order for injunctive relief prohibiting such conduct by Defendants in the future;

f.   Judgment against Defendants for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.   Any other relief deemed just and proper by this Court.

## COUNT III
## UNJUST ENRICHMENT

71.   Plaintiffs incorporates all of the allegations and statements made in Paragraphs 1 through 55 above as if fully reiterated herein.

72.   Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

73.   Defendants have been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products contained "No Artificial Preservatives".

74.   Defendants' retention of the revenue it received from Plaintiffs, and the Class and Sub-Class members, is unjust and inequitable because Defendants' false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products contained artificial preservatives.

75.   Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Classes members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendants for the Products.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendants as follows:

17

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

a.   An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representatives of the Class and the Sub-Classes;

b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.   Judgment against Defendants in an amount to be determined at trial;

e.   An order for injunctive relief prohibiting such conduct by Defendants in the future;

f.   Judgment against Defendants for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g.   Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

CHRISTINE SLOWINSKI

/s/

Attorney for Plaintiffs
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.

18

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

21031 Ventura Blvd., #340
Woodland Hills, California 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com


_____

Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, Illinois 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

**1910 - No Fee Paid**
**1919 - Fee Paid**
**Jury Demand**                                                    (Rev. 12/01/20) CCG 0067

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY _____ DEPARTMENT/ 1ST _____ DISTRICT

CHRISTINE SLOWINSKI,                              2024CH04667

                    v.                            No. _____

DRIP DROP HYDRATION, INC.,

### JURY DEMAND

The undersigned demands a jury trial.

_____
**(Signature)**

☐ Atty. No.: 63294
Name: Steven G. Perry
Atty. for: Plaintiff, Christine Slowinski
Address: 707 Skokie Blvd., Suite 600
City/State/Zip: Northbrook, IL 60062
Telephone: 224-218-0875                     **Dated:** May 17, 2024
Primary Email: steven.perry@toddflaw.com

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

Appearance and Jury Demand *                                                    (12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ COUNTY    DEPARTMENT/ __1ST__ DISTRICT

**2024CH04667**

CHRISTINE SLOWINSKI,
_____

                                          Plaintiff

                        v.

DRIP DROP HYDRATION, INC.
_____

                                          Defendant

Case No. _____

Claimed $: _____

Return Date: _____  Time: _____

Court Date: _____  Room No.: _____

_____

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND *

☑ General Appearance
☑ Jury Demand *

☑ 0900 - Fee Paid
☐ 0908 - Trial Lawyers Appearance - No Fee
☐ 1900 - Appearance and Jury Demand/Fee Paid
☐ 1904 - Appearance and Jury Demand/No Fee Paid

☐ 0904 - Fee Waived

☐ Twelve-person Jury
☐ Six-person Jury

The undersigned enters the appearance of:  ⦿ Plaintiff   ○ Defendant

Litigant's Name: __Christine Slowinski__

Signature: /s/ _~signature~_    _____

☑ Initial Counsel of Record    ☐ Pro Se (Self-represented)    ☐ 2810 Rule 707 Out-of-State Counsel (pro hac vice)

☐ Additional Appearance    ☐ Substitute Appearance

⦿ Atty. No.: __63294__    ○ Pro Se 99500

Name: __Steven G. Perry__

Atty. for (if applicable):

__Plaintiff, Christine Slowinski__

Address: __707 Skokie Blvd., Suite 600__

City: __Northbrook__

State: __IL__  Zip: __60062__  Phone: __(224) 218-0875__

Primary Email: __steven.perry@toddflaw.com__

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ _~signature~_ _____

Attorney for  ⦿ Plaintiff   ○ Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 1

FILED DATE: 5/17/2024 3:26 PM   2024CH04667

Chancery Division Civil Cover Sheet
General Chancery Section

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CHRISTINE SLOWINSKI,

Plaintiff

v.

DRIP DROP HYDRATION, INC.

Defendant

**2024CH04667**

Case No: _____

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division.  The information contained herein is for administrative purposes only.  Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | |
|---|---|
| 0005 ☐ Administrative Review | 0017 ☐ Mandamus |
| 0001 ☑ Class Action | 0018 ☐ Ne Exeat |
| 0002 ☐ Declaratory Judgment | 0019 ☐ Partition |
| 0004 ☐ Injunction | 0020 ☐ Quiet Title |
| | 0021 ☐ Quo Warranto |
| 0007 ☐ General Chancery | 0022 ☐ Redemption Rights |
| 0010 ☐ Accounting | 0023 ☐ Reformation of a Contract |
| 0011 ☐ Arbitration | 0024 ☐ Rescission of a Contract |
| 0012 ☐ Certiorari | 0025 ☐ Specific Performance |
| 0013 ☐ Dissolution of Corporation | 0026 ☐ Trust Construction |
| 0014 ☐ Dissolution of Partnership | 0050 ☐ Internet Take Down Action (Compromising Images) |
| 0015 ☐ Equitable Lien | |
| 0016 ☐ Interpleader | ☐ Other (specify) _____ |

◉ Atty. No.: 63294          ○ Pro Se 99500

Atty Name: Steven Perry, Law Offices of Todd M. Friedman, PC

Atty. for: Christine Slowinski, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook          State: IL

Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Pro Se Only:  ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

District 1

# Case Summary

### Case No. 2024CH04667

| | | | | |
|---|---|---|---|---|
| **Christine Slowinski-vs-Drip Drop Hydration, Inc.** | § | | Location: | **District 1** |
| | § | | Judicial Officer: | **Calendar, 7** |
| | § | | Filed on: | **05/17/2024** |
| | § | Cook County Attorney Number: | | **63294** |

---

## Case Information

| | |
|---|---|
| Case Type: | Class Actions |
| Case Status: | **05/17/2024 Pending** |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2024CH04667 |
| Court | District 1 |
| Date Assigned | 05/17/2024 |
| Judicial Officer | Calendar, 7 |

---

## Party Information

*Lead Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **Slowinski, Christine** | **Levin, David Brian** |
| | | ***Retained*** |
| | | 312-212-4355(W) |
| | | 111 W JACKSON #1700 |
| | | CHICAGO, IL 60604 |
| | | |
| **Defendant** | **Drip Drop Hydration, Inc.** | |

---

## Events and Orders of the Court

09/16/2024  **Case Management**  (9:45 AM)  (Judicial Officer: Reilly, Eve M)
    Resource: Location CH2405 Court Room 2405
    Resource: Location D1 Richard J Daley Center

06/11/2024  Summons - Retd P.S.
    Party:  Plaintiff Slowinski, Christine

05/20/2024  Motion Filed
    *Plaintiff's Motion for Class Certification*
    Party:  Plaintiff Slowinski, Christine

05/20/2024  Summons Issued And Returnable
    Party:  Plaintiff Slowinski, Christine

05/17/2024  New Case Filing

05/17/2024  Class Action Complaint Filed (Jury Demand)
    Party:  Plaintiff Slowinski, Christine
    Party 2:  Attorney Levin, David Brian

Printed on 06/27/2024 at 2:00 PM

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 7

FILED
5/20/2024 10:02 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04667
Calendar, 7
27757729

FILED DATE: 5/20/2024 10:02 AM   2024CH04667

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

CHRISTINE SLOWINSKI, individually   )
and on behalf of all others similarly   )
situated,   )
        )
        Plaintiff,   )        No. 2024CH04667
        )
v.   )
        )
DRIP DROP HYDRATION, INC.   )
        )
        Defendant.   )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Now comes the Plaintiff, CHIRSITINE SLOWINSKI, by and through her attorneys, and brings this Motion for Class Certification against Defendant, DRIP DROP HYDRATION INC., individually and on behalf of a class and sub-class of all others similarly situated. In support thereof, Plaintiff alleges and states as follows:

1.       On February 3, 2024, Plaintiff purchased a Product labeled, marketed, and sold as containing "no artificial preservatives", from a CVS located in Schaumburg, Illinois s alleged in Plaintiff's Complaint.

2.       When Plaintiff purchased the product she believed that the product would not contain artificial preservatives. However, upon investigation by her attorneys Plaintiff learned that the product contained artificial preservatives. A more thorough explanation of the facts may be found in Plaintiff's Complaint.

3.       As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries, harm, and damages, which include, but are not limited to, the following:

        a.       Lost money;

FILED DATE: 5/20/2024 10:02 AM 2024CH04667

FILED DATE: 5/20/2024 10:02 AM 2024CH04667

    b.    Wasting Plaintiff's time; and

    c.    Stress, aggravation, frustration, inconvenience, loss of trust, loss of serenity, and loss of confidence in product labeling.

4.    Plaintiff brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following class (the "Class"): All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

5.    Plaintiff also brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following sub-class (hereinafter the "Sub-Class"): All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

6.    Illinois Rule of Civil Procedure section 5/2-801 states that an action may be maintained as a class action in any court of this state if the court finds that:

    (1)    The class is so numerous that joinder of all members is impracticable.

    (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

    (3)    The representative parties will fairly and adequately protect the interest of the class.

    (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

7.    The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of

2

FILED DATE: 5/20/2024 10:02 AM   2024CH04667

Civil Procedure for maintaining a class action, specifically:

    a.    Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

    b.    There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

        i.    Whether Defendant disseminated false and misleading information by claiming the Products contain "no artificial preservatives" when they do;

        ii.    Whether the Class and Sub-Class members were informed that the Products contained artificial preservatives;

        iii.    Whether the Products contains artificial preservatives;

        iv.    Whether Defendant's conduct was unfair and deceptive;

        v.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

        vii.    Whether there should be a tolling of the statute of limitations; and

        viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

FILED DATE: 5/20/2024 10:02 AM    2024CH04667

c.    Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.    Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.    Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final

4

monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

5.    Plaintiff believes that upon completion of discovery in this matter, Plaintiff will be able to prove each of the allegations to the satisfaction of this Court. Therefore, Plaintiff requests the Court defer any ruling on this motion until after discovery has closed and Plaintiff has filed an amended or supplemental motion for class certification.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order certifying the proposed class and sub-class, but defer any ruling on this Motion until after discovery has been completed and Plaintiff has filed an amended or supplemental motion for class certification.

RESPECTFULLY SUBMITTED,

CHRISTINE SLOWINSKI

Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, Illinois 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

FILED DATE: 5/20/2024 10:02 AM    2024CH04667

5

FILED DATE: 5/20/2024 10:02 AM   2024CH04667

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 20, 2024, a copy of Plaintiff's Motion for

Class Certification was served upon the following party, by depositing the same in the U.S. Mail,

with proper first-class postage prepaid thereon:

DRIP DROP HYDRATION INC.
c/o The Corporation Trust Company (Registered Agent)
Corporation Trust Center, 1209 Orange St.
Wilmington, DE 19801

_____
Steven G. Perry
Attorney for Plaintiff

6